UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY WILLIAM BEESON, | ) | Case No. 2:22-cv-08067-FMO (DTB) |
| | ) | |
| Petitioner, | ) | **ORDER ACCEPTING FINDINGS,** |
| | ) | **CONCLUSIONS AND** |
| v. | ) | **RECOMMENDATIONS OF** |
| | ) | **UNITED STATES MAGISTRATE** |
| | ) | **JUDGE** |
| DAVID HOLBROOK, | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed herein. Having made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice. (ECF No. 51.) Petitioner's objections to the Report (ECF No. 53) do not warrant a change to the Report's proposed findings or recommendations.

1

Petitioner objects that the prosecutor suppressed evidence that was favorable to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  (ECF No. 53 at 2-14.)  The allegedly favorable evidence consisted of photographs from Petitioner's own cell phone showing hickeys on Petitioner's neck, which allegedly would have demonstrated a consensual sexual encounter rather than a sexual assault.  (*Id*. at 3.)  The California Court of Appeal's denial of this claim was not objectively unreasonable.  (ECF No. 39-16 at 31-33.)  Because Petitioner was aware of this evidence from his own cell phone, it could not have been suppressed in violation of *Brady*.  *See Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006) ("[W]here the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence, the Government does not commit a *Brady* violation by not bringing the evidence to the attention of the defense.") (citations omitted); *Bush v. Muniz*, 2020 WL 6588393, at *18 (C.D. Cal. July 31, 2020) ("Here, petitioner certainly possessed the salient facts surrounding his cell phone, and could have subpoenaed his own cell phone records.").

Petitioner further objects that the evidence from his cell phone was suppressed in violation of *Brady* because the defense could not have asked the trial court "to compel discovery based solely on the word of the accused, when the prosecution had indicated they have provided all the discovery."  (ECF No. 53 at 6, *see also id*. at 7-13.)  To the contrary, "the word of the accused" would have been sufficient to alert defense counsel to the existence of the evidence, thereby defeating a *Brady* claim for failure to prove suppression.  *See Raley*, 470 F.3d at 804 (where "Petitioner possessed the salient facts regarding the existence of the records that he claims were withheld," then "his counsel could have sought the documents through discovery").

Petitioner objects that his defense counsel was ineffective in violation of *Strickland v. Washington*, 466 U.S. 687 (1984), for failing to obtain the

2

photographs of the hickeys on Petitioner's neck from Petitioner's cell phone. (ECF No. 53 at 14-15.) The California Court of Appeal's denial of this claim was not objectively unreasonable. (ECF No. 39-16 at 35-36.) Counsel made a reasonable tactical decision to proceed to trial without the cell phone evidence, and there was no reasonable probability that the decision affected the outcome of the trial. The jury heard evidence from other sources about the hickeys: two eyewitnesses testified about discolored marks on Petitioner's neck that appeared to be hickeys, and a photograph and a diagram of Petitioner's neck were admitted into evidence. (*Id*.)

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

Dated: April 2, 2025

_____/s/_____
FERNANDO M. OLGUIN
United States District Judge

3